IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID CORMIER AND<br>PAMELA CORMIER,<br><br>  *Plaintiffs*,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>ALLSTATE TEXAS LLOYD'S,<br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br>HOWARD TOCMAN AND FRANK J.<br>PRITCHARD,<br><br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br>JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Insurance Company, Allstate Texas Lloyd's, Allstate Property and Casualty Insurance Company (collectively "Allstate") and Frank J. Pritchard (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1. On or about June 16, 2010, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *David Cormier and Pamela Cormier v. Allstate Insurance Company, Allstate Texas Lloyd's, Allstate Property and Casualty Insurance Company, Howard Tocman and Frank J. Pritchard*, Cause No. D-100276-C, in the 260th Judicial District Court of Orange County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowners

insurance policy with Allstate Texas Lloyd's following Hurricane Ike. Allstate Insurance Company's registered agent received the citation and petition on June 24, 2010. Allstate Texas Lloyd's registered agent received the citation and petition on June 24, 2010. Defendants file this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b). A certified copy of the Docket Sheet is attached as Exhibit "A", a copy of the citations is attached as Exhibit "B", a copy of the Plaintiffs' Original Petition is attached as Exhibit "C", a copy of (a) *Defendant Allstate Insurance Company's Original Answer to Plaintiffs' Original Petition,* (b) *Defendant Allstate Texas Lloyd's Original Answer to Plaintiffs' Original Petition,* (c) *Defendant Allstate Property and Casualty Insurance Company's Original Answer to Plaintiffs' Original Petition,* and (d) *Defendant Frank J. Pritchard's Original Answer to Plaintiffs' Original Petition* is attached as Exhibit "D", the list of the Parties to the Case is attached as Exhibit "E", and a List of Counsel is attached as Exhibit "F".

*1. Basis for Removal*

2. Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship. The Plaintiffs are alleged to be residents of the State of Texas.

3. Defendant Allstate Insurance Company is an Illinois Corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

4. Defendant, Allstate Texas Lloyd's, the company that issued the Plaintiffs' homeowner's policy in this case, was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois

and Virginia.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." See *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also *Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2] Accordingly, Allstate Texas Lloyd's is a citizen of the State of Illinois and Virginia.

5.   Defendant Allstate Property and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

6.   With respect to the claims against Defendant Howard Tocman, it is Allstate's position that he has been fraudulently joined in this action. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

7.   Here, based on Plaintiffs' allegations in Plaintiffs' Original Petition, there is no basis to reasonably predict that Texas law might impose liability on Howard Tocman because no

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); see also *Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

[2] "Fifth Circuit jurisprudence is equally clear." *See Massey*, 993 F.Supp. at 570 *(citing International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997), and others).

real facts relating to him/her/them have been set forth. The allegations against Howard Tocman are simply a recasting of those claims against Allstate.

8.  Plaintiffs assert causes of action for breach of contract due to Allstate's alleged failure to provide adequate compensation under his/her homeowners' policy, for violation of the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA"), and for breach of the duty of good faith and fair dealing. The breach of contract claim is only proper against Allstate, the insurer and entity who issued the policy in dispute. Any alleged violation of the Texas Insurance Code, the DTPA or for bad faith, however, is predicated on a finding that Allstate breached the insurance policy issued to Plaintiffs. Accordingly, Plaintiffs' claims against Howard Tocman for violation of the Texas Insurance Code or for fraud can only apply to Allstate.

9.  Frank J. Pritchard has also been fraudulently joined. Plaintiffs' unspecific, conclusory claims against Frank J. Pritchard are apparently based on allegations that he misrepresented the terms of the policy. However, an agent has no duty to explain the terms or coverages of a policy to the insured. *Heritage Manor of Blaylock Properties, Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). An insured has a duty to read and be familiar with the terms of his own policy, and is bound to the terms of the policy whether he has read it or not. *Burton v. State Farm Mutual Auto. Ins. Co.*, 869 F.Supp. 480, 486 (S.D. Tex. 1994); *American Guarantee & Liability Ins. Co. v. Slel-Ray Underwriters, Inc.*, 844 F.Supp. 325, 332 (S.D. Tex. 1993).

10.  In addition, Texas courts have held that a policyholder's mistaken belief regarding the scope or availability of coverage is not actionable. See *Employers Casualty Co. v. Fambrough*, 694 S.W.2d 449, 452 (Tex. App.—Eastland 1995, writ ref'd, n.r.e.) (finding that an

agent's representation that insurance coverage was "adequate" and "sufficient" was insufficient to create liability for misrepresentation under the DTPA); *Moore v. Whitney Baker Insurance Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998) (finding that even though insured thought he was covered for all liability, no DTPA or Insurance Code liability for refusal to defend an employment lawsuit when insured admitted that the agent had never specifically said that he would be covered for all lawsuits).

11. Plaintiffs' list of blanket, conclusory allegations against Frank J. Pritchard is a common tactic that courts in this Circuit do not favor. See *Waters*, 158 F.R.D. at 109 (finding fraudulent joinder). Plaintiffs' case is an example of a simple dispute over insurance coverage "clothed in legal garb woven with a multitude of legal theories designed to maximize" his gain and impose liability on a third party "because of [the] alleged relationships to the insurance coverage dispute." See *McLaren v. Imperial Cas. & Indem. Co.*, 767 F.Supp. 1364, 1367 (N.D. Tex. 1991) (granting summary judgment for agent and finding fraudulent joinder), aff'd, 968 F.2d 17 (5th Cir. 1992), cert. denied, 507 U.S. 915 (1993). This Court should look past Plaintiffs' cursory and general pleadings against Co-Defendants and find fraudulent joinder as this matter is a coverage dispute in which Co-Defendants cannot be liable.

12. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S.*

*May Int'l Co.,* et. al., 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange,* 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

13.  Plaintiffs' claims are centered on Allstate's alleged failure to pay the full proceeds of Plaintiffs' policy necessary to make repairs to Plaintiffs' dwelling. Plaintiffs' dwelling policy limit alone is $124,000. See Exhibit "G". In addition to this amount, Plaintiffs, as stated in Plaintiffs' Original Petition, also seek damages for violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act, and breach of duty of good faith and fair dealing as well as mental anguish, court costs, actual and exemplary damages, interest, attorneys' fees and penalties, including statutory treble damages under the Texas Insurance Code. See Tex. Ins. Code. Ann. § 541.152 (Vernon Pamp. 2005-06) (allowing for the trebling of damages). Clearly, the amount in controversy in this case exceeds the jurisdictional requirements.

*The Removal is Procedurally Correct*

14.  Allstate was first served with the petition on June 24, 1020. Allstate files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

15.  Although Howard Tocman has been served but has not answered, the consent of Howard Tocman and Frank Pritchard are not required in this case as they have been fraudulently joined solely to defeat diversity jurisdiction. See *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

16. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

17. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

18. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

19. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Orange County Court, promptly after Allstate files this Notice.

Respectfully submitted,

/s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 9601500
Attorney-in-charge
Jacquelyn Chandler
State Bar No. 24001866
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:   (214) 871-8200
Fax:              (214) 871-8209
rhiggins@thompsoncoe.com

Jay Scott Simon
State Bar No. 24008040
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1600
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

ATTORNEY FOR DEFENDANTS
ALLSTATE INSURANCE COMPANY,
ALLSTATE TEXAS LLOYD'S, ALLSTATE
PROPERTY AND CASUALTY INSURANCE
COMPANY, AND FRANK J. PRITCHARD

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiffs, Paul F. Ferguson, Jr., PROVOST UMPHREY LAW FIRM, L.L.P., 490 Park Street, P.O. Box 4905, Beaumont, Texas 77704-4905, on the 23rd day of July, 2010.

/s/ Roger D. Higgins
Roger D. Higgins